UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT MEYERS DIVISION
CASE NO.:

MICHAEL MORA,

    Plaintiff,

v.

ROYAL PALM COUNTRY CLUB OF NAPLES, INC., a Florida Profit Corporation,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Royal Palm Country Club of Naples, Inc. ("Defendant"), by and through its undersigned counsel, in accordance with the applicable Federal Rules of Civil Procedure, 28 U.S.C. §§ 1331, 1441, and 1446, files its Notice of and Petition for Removal (the "Notice"). Defendant requests that the Court remove this action filed by Plaintiff, Michael Mora, ("Plaintiff"), from the Twentieth Judicial Circuit Court in and for Collier County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division. The removal of this action is based upon the following:

## INTRODUCTION AND PROCEDURAL HISTORY

1. On or about April 22, 2021, Plaintiff filed a one-count Complaint in the Circuit Court of the 20th Judicial Circuit in and for Collier County, Florida, styled *Michael Mora v. Royal Palm Country Club of Naples, Inc.,* bearing Case No. 11-2021-CA-001130-0001-XX (the "Circuit Court Action").

2. Plaintiff's Complaint in the Circuit Court Action asserts one count under the Florida Private Whistleblower Act, Fla. Stat. § 448.102 alleging Defendant took retaliatory personnel

against him for objecting to and refusing to participate in an activity and practice of Defendant that Plaintiff alleges was in violation of the Occupational Health and Safety Act ("OSHA") and Title VII of the Civil Rights Act ("Title VII"). (Complaint, Count I, and Paragraph 19).

3. Under 28 U.S.C. § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because the relief Plaintiff seeks under Plaintiff's state law claim is dependent on the application of the federal laws: OSHA and Title VII, and therefore, the Complaint arises under the laws of the United States. (See Complaint, Paragraph 19). Further, this action presents an actual case or controversy because the Complaint alleges damages as a result of Defendant's alleged conduct. (*See* Complaint ¶42 and unnumbered "Wherefore" clause, Exhibit A).

4. Removal is proper here because this is a "civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date Defendant first learned that this case is one that is removable, and within one year after the case was filed. *See* 28 U.S.C. § 1446(b)(3). Defendant first learned that this case is removable on April 29, 2021, upon being served with Plaintiff's Complaint.

**FEDERAL QUESTION JURISDICTION**

6. This is an action subject to removal under 28 U.S.C. § 1441(a), because this Court has federal question jurisdiction under 28 U.S.C. § 1331 of the allegations relating to Plaintiff's alleged objection to OSHA and Title VII violations. Specifically, the Complaint establishes federal question jurisdiction because Plaintiff's Whistleblower claim, as pled, necessarily raises

substantive issues of federal law, which a federal court should entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005).

7. In the Complaint, Plaintiff alleges that on January 8, 2021, Defendant terminated Plaintiff in violation of Florida Statute, Section 448.102(3). *See* Complaint ¶ 39, attached as <u>Exhibit A</u>.

8. To establish a prima facie case under the Florida Statute Section 448.102(3), the Florida Whistleblower Act, a Plaintiff must prove that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to the statutorily protected activity. *See Bell v. Ga.-Pac. Corp.,* 390 F. Supp. 2d 1187-88 (M.D.Fla.2005).

9. It is well established that in order to establish that a plaintiff engaged in statutorily protected expression - an essential element of his claim - Plaintiff must demonstrate that the conduct he objected to and/or threatened to disclose to a governmental agency constituted an activity, policy or practice of the employer that constituted an **actual** violation of law. *See Hernandez v. Mohawk Indus., Inc.*, Case No. 6:08-cv-927-Orl-28GJK, 2009 WL 3790369, at *7, n.19 (M.D. Fla. Nov. 10, 2009) ("a plaintiff must prove that the activity, policy or practice objected to is, in fact in violation of a law, rule or regulation") (emphasis in original) (internal quotations omitted*); Lawson v. Dollar General Corp.*, Case No. 8:04-cv-2366-T-17TBM, 2006 WL 1980277, at *3 (M.D. Fla. July 12, 2006); *White v. Purdue Pharma, Inc.*, 369 F. Supp. 2d 1335, 1337 (M.D. Fla. 2005); *Branche v. Airtran Airways, Inc.*, Case No. 8:01-cv-1747-T-30MSS, 2005 WL 1051097, at *2 (M.D. Fla. May 2, 2005).

10. In the Complaint, Plaintiff alleges that as part of his job as Clubhouse Manager,

Plaintiff objected to his supervisors at Defendant, that Defendant's actions, allegedly violated, among others, Title VII and Occupational Safety and Health Act ("OSHA"). *See* Complaint ¶19, Exhibit A.

11.    In this case, therefore, a substantial issue of federal law exists. Namely, Plaintiff will be forced to prove, and Defendant dispute, that the conduct which Plaintiff allegedly objected to was an actual violation of law by Defendant.  *See Grady v. Wal-Mart Stores, East, LP*, 237 F. Supp. 3d 1223, 1227 (M.D. Fla. 2017) (the statute's requirement that an employer's activity, policy, or practice be in violation of law is unequivocal.  It does not provide protection to employees for alleged or suspected violation of the law").

12.    In *Grable,* the U.S. Supreme Court affirmed that District Court's removal of a state claim between non-diverse parties after holding that the case warranted federal jurisdiction because the owner's state law claim was premised on the Internal Revenue Service's failure to give adequate notice as defined by federal law and, therefore, the federal statute was actually in dispute and had to be interpreted. *See Grable*, 545 U.S. at 310.

13.    In this case, just as in *Grable*, Plaintiff's claim involves the interpretation and application of federal law (Title VII and OSHA) and the interpretation of Title VII and OSHA will be an element of Plaintiff's prima facie case that must interpreted.  As in *Grable*, this action "sensibly belongs in a federal court." *Grable*, 545 U.S. at 315; *see also Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.,* 504 F.3d 1262, 1269-70  Cir. 2007) (finding federal question jurisdiction where state law malpractice claim required proof of patent infringement in order to show the essential element that the party would have prevailed in the prior litigation); *Ayres v. Gen. Motors Corp*., 234 F.3d 514, 518-19 (11th Cir, 2000) (finding federal question jurisdiction where violation of the federal mail and wire fraud statutes was an essential

element of state law RICO claim).

14. *Grable* requires that the federal issues be actually disputed and substantial. These requirements are met here, as this case will require interpretation of federal law and a determination of whether Defendant's alleged conduct was an actual violation of Title VII and OSHA. *See Grady* 237 F. Supp. 3d at 1227.

15. Under 28 U.S.C. § 1441 and the principles of supplemental jurisdiction under 28 U.S.C. § 1367, where, as here, any portion of the action arises under federal law, a defendant has the right to remove the entire action to this Court, and the court should maintain jurisdiction over the entire action.

16. This action is properly removed to the United States District Court for the Middle District of Florida because this Court embraces the Circuit Court of the Twentieth Judicial Circuit of Florida, "the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 86. In addition, the Fort Myers Division is the proper division within the Middle District of Florida to which the case should be removed. *See* Local Rule 1.04.

## THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

17. Defendant has filed this Notice of Removal pursuant to 28 U.S.C. § 1446 in a timely fashion (*i.e.*, within 30 days of the effectuation of service on Defendant of Plaintiff's Complaint in the State Court Action). Specifically, Defendant was served with the Summons and Complaint in the State Court Action on April 29, 2021.

18. This removal petition is therefore timely as it is filed within thirty (30) days of Defendant's discovery that Plaintiff's claims are removable under 28 U.S.C. §§ 1331, 1441, and 1446(a), (b), (c), and (d).

19. Defendant, Royal Palm Country Club of Naples, is the only named Defendant and is the only Defendant served in this Action.

20. Venue is proper in this Court under 28 U.S.C. § 1391(a). This district and division embraces Collier County where the action was filed in the Twentieth Judicial Circuit in and for Collier County Florida. The events alleged by Plaintiff giving rise to his claims allegedly occurred in Collier, Florida. Thus, venue properly lies in the United States District Court for the Middle District of Florida

21. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached hereto as Exhibit "A." Defendant does not believe any other processes, pleadings or orders have been filed or served in this Action.

22. Under 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed with the State Court in the Twentieth Judicial Circuit for Collier County, Florida. A copy of this Notice of Filing of Removal to be filed is attached hereto as <u>Exhibit B</u>.

## **RESERVATION OF RIGHTS/OBJECTIONS**

23. This Notice of Removal does not waive any objections Defendant may have regarding defects in process or service of process, jurisdiction, venue or any other defense.

24. Defendant expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

25. If questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to file a brief or further evidence, and to make an oral argument in support of removal.

**WHEREFORE**, this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and Defendant respectfully submits that removal of this action from the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446. Defendant respectfully requests that this Court exercise its jurisdiction over this action, and enter such further orders and grant such further relief as may be necessary to secure removal herein.

**Dated**: May 28, 2021

Respectfully Submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282

/s/ Zascha B. Abbott
Zascha B. Abbott (FBN: 614671)
E-mail: Zascha.Abbott@lewisbrisbois.com
Jonathan A. Beckerman, Esq. (FBN 568252)
Email: Jonathan.Beckerman@lewisbrisbois.com
Andrea de Oña (FBN 1019568)
Email: Andrea.deona@lewisbrisbois.com

*Counsel for Defendant*.