# EXHIBIT "A"

**Case #:** 11-2021-CA-001130-0001-XX

**Offense Date:**

**Party Name/Company:** Mora, Michael

**File Date:** 04/22/2021

**Party Type:** Plaintiff

**Status:** Pending

**Name Suffix:**

**Case Type:** Discrimination Employment or Other

**DOB:**

**Court Type:** CA

**Citation #:**

## Court Events

| Date | Time | Event Type | Location | Room | Notes |
|------|------|------------|----------|------|-------|
| | | | No records found | | |

## Parties

**Judge:** Krier, Elizabeth V

| Party Name/Company | Party Type | Sex | Race | Date of Birth | AKA | Deceased | Sheriffs # |
|--------------------|------------|-----|------|---------------|-----|----------|------------|
| Royal Palm Country Club Of Naples Inc<br>Party Attorneys () | Defendant | | | | | | |
| Mora, Michael   Party Attorneys () | Plaintiff | | | | | | |

## Charges

| Statute # | Count | Description | Disposition Date | Sentence | Offense Date | Citation # | Offense Level | Plea Date | Court Action | Prosecutor Action |
|-----------|-------|-------------|------------------|----------|--------------|------------|---------------|-----------|--------------|-------------------|
| | 1 | | | | 04/22/2021 | | | | | |

## Dockets

| | Image | Docket Num | Effective | Count | Description |
|--|-------|------------|-----------|-------|-------------|
| | | 1 | 04/22/2021 | 0 | Discrimination Employment or Other |
| | ☐ | 2 | 04/22/2021 | 0 | Civil Cover Sheet with Demand for Jury Trial |
| | ☐ | 3 | 04/22/2021 | 0 | Summons issued |
| | ☐ | 4 | 04/22/2021 | 0 | Complaint with Demand for Jury Trial |
| | ☐ | 5 | 04/22/2021 | 0 | Standing Order - Circuit |
| | ☐ | 6 | 04/23/2021 | 0 | Paid $410.00 on receipt 1186791, Fully Paid |
| | ☐ | 7 | 05/03/2021 | 0 | Notice of Appearance and Designation of Email Address by Beckerman, Jonathan Alan, Abbott, Zascha Blanco for Royal Palm Country Club Of Naples Inc |

| | Image | Docket Num | Effective | Count | Description |
|---|---|---|---|---|---|
| | ☐ | 8 | 05/03/2021 | 0 | Notice Of Appearance And Designation Of Email Address By De Ona, Andrea S For Royal Palm Country Club Of Naples Inc |
| | ☐ | 9 | 05/03/2021 | 0 | Notice of Appearance and Designation of Email Address by Abbott, Zascha Blanco, Beckerman, Jonathan Alan, de Ona, Andrea S for Royal Palm Country Club Of Naples Inc |
| | ☐ | 10 | 05/19/2021 | 0 | Answer and Affirmative Defense by Royal Palm Country Club Of Naples Inc with Demand for Jury Trial |

## Sentences

| Date | Count | Sentence | Confinement | Term | Credit Time | Conditions | Status |
|---|---|---|---|---|---|---|---|
| | | | No records found | | | | |

## Fees

### Fees

*Total Balance + Interest: $0.00*

(The fees listed below do not necessarily reflect all outstanding fees on the case. For complete balance information, please contact the Clerk's office.)

| Effective Date | Due Date | Description | Amount Due | Amount Paid | Balance | In Collections | In Judgment | Judgment Interest |
|---|---|---|---|---|---|---|---|---|
| 04/22/2021 | 04/23/2021 | Circuit Civil Summons Fee | $10.00 | $10.00 | $0.00 | | | $0.00 |
| 04/23/2021 | 04/23/2021 | Circuit Civil General | $400.00 | $400.00 | $0.00 | | | $0.00 |
| | | | $410.00 | $410.00 | $0.00 | | | $0.00 |

### Fees

| Plan # | Scheduled Pay Amount | Balance Due | PP |
|---|---|---|---|
| | | No records found | |

Filing # 125414187 E-Filed 04/22/2021 12:01:45 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.      CASE STYLE

IN THE CIRCUIT COURT OF THE TWENTIETH  JUDICIAL CIRCUIT,
IN AND FOR COLLIER  COUNTY, FLORIDA

MICHAEL MORA
Plaintiff

Case # _____
Judge _____

vs.
ROYAL PALM COUNTRY CLUB OF NAPLES  INC
Defendant

### II.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.      TYPE OF CASE      (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   1

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Noah E. Storch</u>        Fla. Bar # <u>85476</u>
      Attorney or party             (Bar # if attorney)

<u>Noah E. Storch     </u>       <u>04/22/2021</u>
 (type or print name)          Date

Filing # 125414187 E-Filed 04/22/2021 12:01:45 PM

**IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA**

MICHAEL MORA,

        Plaintiff,

CASE NO.:

vs.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC.,
a Florida Not For Profit Corporation,

        Defendant.

_____/

**SUMMONS
PERSONAL SERVICE
ON A CORPORATION**

TO:    **ROYAL PALM COUNTRY CLUB
OF NAPLES, INC.
STEPHEN JAMES SLOAN - REGISTERED AGENT
405 FOREST HILLS BLVD.
NAPLES, FL 34113**

**IMPORTANT**

    A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

By: */s/ Noah Storch* .
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON ___Apr 23___, 2021.



**CLERK OF THE CIRCUIT COURT**
**COLLIER COUNTY, FLORIDA**

By: ___Kathleen Murray___
Deputy Clerk

## <u>AMERICANS WITH DISABILITIES ACT</u>

**If you are an individual with a disability who needs an accommodation in order to participate in a court proceeding or other court service, program, or activity, you are entitled, at no cost to you, to the provision of certain assistance. Requests for accommodations may be presented on this form, in another written format, or orally. Please complete the attached form (see website) and return it to crice@ca.cjis20.org as far in advance as possible, but preferably at least seven (7) days before your scheduled court appearance or other court activity. Upon request by a qualified individual with a disability, this document will be made available in an alternate format. If you need assistance in completing this form due to your disability, or to request this document in an alternate format, please contact Charles Rice, Administrative Court Services Manager, (239) 252-8800, e-mail crice@ca.cjis20.org**

Filing # 125414187 E-Filed 04/22/2021 12:01:45 PM

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

MICHAEL MORA,

      Plaintiff,

vs.

CASE NO.:

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC.,
a Florida Not For Profit Corporation,

      Defendant.

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MORA ("Mr. Mora" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, ROYAL PALM COUNTRY CLUB OF NAPLES, INC. ("RPCC" or "Defendant"), a Florida not for profit corporation, and states as follows:

1. Plaintiff brings this action for violation of the Florida Whistleblower Act, Section 448.102 (1) and (3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, benefits, compensatory damages, declaratory and injunctive relief, his attorneys' fees and costs, and any other damages permitted by law.

### PARTIES

2. Plaintiff is an adult individual who performed services for Defendant in Collier County, Florida.

3. RPCC is a Florida not for profit corporation located in Naples, Collier County, Florida, and which, at all times relevant, performed work in Collier County, Florida.

4.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

5.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

6.     Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## JURISDICTION AND VENUE

7.     This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

8.     This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Collier County, Florida, and for this reason venue is proper in this Court as well.

## STATEMENT OF FACTS

9.     Mr. Mora worked for RPCC as Clubhouse Manager from September 18, 2020, until his termination on January 8, 2021.

10.     On November 10, 2020, one of RPCC's members, James Brown, who is an emotionally disturbed individual, accosted Mr. Mora in a public restaurant.

11.     Mr. Brown, enraged for no reason, ranted and raved at Mr. Mora.

12.     Mr. Brown had recently been making derogatory and verbally abusive remarks to Mr. Mora's female co-workers on RPCC's premises for some time.

13.     Mr. Brown harassed RPCC's Jenna Cione about Mr. Mora, and Mr. Brown's unpredictable actions and inappropriate remarks made RPCC's Jayne Concialdi and other female RPCC employees very uncomfortable.

14.   Very shortly after this incident in a public restaurant, Mr. Mora warned his Supervisors and Managers at RPCC that Mr. Brown seemed dangerous and that if Mr. Brown's dangerous behavior continued, Mr. Mora would be forced to involve law enforcement.

15.   Mr. Brown's inappropriate and derogatory comments continued, and on December 1, 2020, his remarks were so unacceptable that on December 3, 2020, Ms. Concialdi independently objected to RPCC about Mr. Brown's behavior and remarks.

16.   On December 31, 2020, Mr. Brown accosted Mr. Mora again, this time on RPCC's premises.

17.   Mr. Brown's outburst on this occasion was witnessed by many.

18.   The unhinged Mr. Brown was so agitated on this occasion that Ms. Concialdi was afraid that Mr. Brown would physically attack Mr. Mora.

19.   Shortly after this latest outburst of Mr. Brown's, Mr. Mora objected to his Supervisors at RPCC, including Director George Schmidt, that RPCC's actions violated, *inter alia*, Title VII, the FCRA, Fla. Stat. § 843.06, and the General Duty Clause of the Occupational Safety and Health Act ("OSHA").

20.   Mr. Mora's objections constituted protected activity under the FWA.

21.   Mr. Mora further informed his RPCC Supervisors that he would seek a restraining order against Mr. Brown.

22.   Within a few days, RPCC asked Mr. Mora to resign.

23.   Mr. Mora refused to resign.

24.   Shortly thereafter, on January 8, 2021, RPCC informed Mr. Mora that it had decided to terminate his employment, effective immediately.

25.     The actions described above are redolent of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-planned and long-considered plan of termination.

26.     Defendant asked Plaintiff to resign, and later terminated Plaintiff's employment, because Plaintiff objected to and/or refused to participate in Defendant's violations of law.

27.     Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

28.     Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

29.     The persons to whom Plaintiff voiced his objections to, and refusals to participate in, Defendant's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating his employment.

30.     There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to, and refusals to participate in, Defendant's violations of law and his termination.

31.     Plaintiff's objections to, and refusals to participate in, Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

32.     As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

33.     Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Mr. Mora as a whistleblower under the law.

34.     In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) , the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

35.     Plaintiff was terminated in direct retaliation for reporting and objecting to and refusing to participate in Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

36.     Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

37.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

38.     Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-37 of the Complaint as if fully set forth herein.

39.     On January 8, 2021, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

40.     Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

41.     Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

42.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 22nd day of April, 2021.

Respectfully submitted,

**By:** *_/s/Noah E. Storch_*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

Filing # 125414187 E-Filed 04/22/2021 12:01:45 PM

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

MICHAEL MORA,

                                                  CASE NO.:

        Plaintiff,

vs.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC.,
a Florida Not For Profit Corporation,

        Defendant.

_____/

### SUMMONS
### PERSONAL SERVICE
### ON A CORPORATION

TO:    **ROYAL PALM COUNTRY CLUB**
       **OF NAPLES, INC.**
       **STEPHEN JAMES SLOAN - REGISTERED AGENT**
       **405 FOREST HILLS BLVD.**
       **NAPLES, FL 34113**

### IMPORTANT

       A lawsuit has been filed against you. You have twenty (20) calendar days after this Summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written response to the "Plaintiff(s)/Plaintiff's Attorney" named below.

By: */s/ Noah Storch* .
  Noah E. Storch, Esq.
  Florida Bar No. 0085476
  RICHARD CELLER LEGAL, P.A
  10368 W. State Road 84, Suite 103
  Davie, FL 33324
  Telephone: (866) 344-9243
  Facsimile: (954) 337-2771
  Email: noah@floridaovertimelawyer.com

  *Attorneys for Plaintiff*

Si desea responder a su demanda por escrito por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, usted debe enviar por correo o entregar personal mente una copia de su respuesta a la personal denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

DATED ON __Apr 23__ , 2021.



CLERK OF THE CIRCUIT COURT
COLLIER COUNTY, FLORIDA

By: ___Kathleen Murray_____
      Deputy Clerk

## AMERICANS WITH DISABILITIES ACT

If you are an individual with a disability who needs an accommodation in order to participate in a court proceeding or other court service, program, or activity, you are entitled, at no cost to you, to the provision of certain assistance. Requests for accommodations may be presented on this form, in another written format, or orally. Please complete the attached form (see website) and return it to crice@ca.cjis20.org as far in advance as possible, but preferably at least seven (7) days before your scheduled court appearance or other court activity. Upon request by a qualified individual with a disability, this document will be made available in an alternate format. If you need assistance in completing this form due to your disability, or to request this document in an alternate format, please contact Charles Rice, Administrative Court Services Manager, (239) 252-8800, e-mail crice@ca.cjis20.org

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

MICHAEL MORA,

                             CASE NO.:

      Plaintiff,

vs.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC.,
a Florida Not For Profit Corporation,

      Defendant.

_____/

### COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL MORA ("Mr. Mora" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, ROYAL PALM COUNTRY CLUB OF NAPLES, INC. ("RPCC" or "Defendant"), a Florida not for profit corporation, and states as follows:

1. Plaintiff brings this action for violation of the Florida Whistleblower Act, Section 448.102 (1) and (3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, benefits, compensatory damages, declaratory and injunctive relief, his attorneys' fees and costs, and any other damages permitted by law.

### PARTIES

2. Plaintiff is an adult individual who performed services for Defendant in Collier County, Florida.

3. RPCC is a Florida not for profit corporation located in Naples, Collier County, Florida, and which, at all times relevant, performed work in Collier County, Florida.

4.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

5.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

6.     Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## JURISDICTION AND VENUE

7.     This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

8.     This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Collier County, Florida, and for this reason venue is proper in this Court as well.

## STATEMENT OF FACTS

9.     Mr. Mora worked for RPCC as Clubhouse Manager from September 18, 2020, until his termination on January 8, 2021.

10.     On November 10, 2020, one of RPCC's members, James Brown, who is an emotionally disturbed individual, accosted Mr. Mora in a public restaurant.

11.     Mr. Brown, enraged for no reason, ranted and raved at Mr. Mora.

12.     Mr. Brown had recently been making derogatory and verbally abusive remarks to Mr. Mora's female co-workers on RPCC's premises for some time.

13.     Mr. Brown harassed RPCC's Jenna Cione about Mr. Mora, and Mr. Brown's unpredictable actions and inappropriate remarks made RPCC's Jayne Concialdi and other female RPCC employees very uncomfortable.

14.     Very shortly after this incident in a public restaurant, Mr. Mora warned his Supervisors and Managers at RPCC that Mr. Brown seemed dangerous and that if Mr. Brown's dangerous behavior continued, Mr. Mora would be forced to involve law enforcement.

15.     Mr. Brown's inappropriate and derogatory comments continued, and on December 1, 2020, his remarks were so unacceptable that on December 3, 2020, Ms. Concialdi independently objected to RPCC about Mr. Brown's behavior and remarks.

16.     On December 31, 2020, Mr. Brown accosted Mr. Mora again, this time on RPCC's premises.

17.     Mr. Brown's outburst on this occasion was witnessed by many.

18.     The unhinged Mr. Brown was so agitated on this occasion that Ms. Concialdi was afraid that Mr. Brown would physically attack Mr. Mora.

19.     Shortly after this latest outburst of Mr. Brown's, Mr. Mora objected to his Supervisors at RPCC, including Director George Schmidt, that RPCC's actions violated, *inter alia*, Title VII, the FCRA, Fla. Stat. § 843.06, and the General Duty Clause of the Occupational Safety and Health Act ("OSHA").

20.     Mr. Mora's objections constituted protected activity under the FWA.

21.     Mr. Mora further informed his RPCC Supervisors that he would seek a restraining order against Mr. Brown.

22.     Within a few days, RPCC asked Mr. Mora to resign.

23.     Mr. Mora refused to resign.

24.     Shortly thereafter, on January 8, 2021, RPCC informed Mr. Mora that it had decided to terminate his employment, effective immediately.

25.     The actions described above are redolent of a company that made an immediate and retaliatory termination decision, rather than that of a company with a well-planned and long-considered plan of termination.

26.     Defendant asked Plaintiff to resign, and later terminated Plaintiff's employment, because Plaintiff objected to and/or refused to participate in Defendant's violations of law.

27.     Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

28.     Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

29.     The persons to whom Plaintiff voiced his objections to, and refusals to participate in, Defendant's violations of law were decision-makers in terms of retaliating against Plaintiff by terminating his employment.

30.     There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to, and refusals to participate in, Defendant's violations of law and his termination.

31.     Plaintiff's objections to, and refusals to participate in, Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

32.     As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

33.     Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102, and qualified Mr. Mora as a whistleblower under the law.

34.     In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013) , the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) he objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally linked to his objection or refusal).

35.     Plaintiff was terminated in direct retaliation for reporting and objecting to and refusing to participate in Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102, Florida Statutes. *See Aery,* 118 So. 3d at 916.

36.     Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

37.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

38.     Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-37 of the Complaint as if fully set forth herein.

39.     On January 8, 2021, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

40.     Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

41.     Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

42.     As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 22nd day of April, 2021.

Respectfully submitted,

By: /s/Noah E. Storch
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                CIVIL ACTION

Michael Mora
        Plaintiff(s),

vs.                                    CASE NO:  11-2021-CA-001130-0001-XX

Royal Palm Country Club Of Naples, Inc.
        Defendant(s).

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order
   with each Summons issued in this case. One copy of this Order is to be filed with the
   Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate
   statutory clerk's fees on copies for each Standing Order issued and attached to the
   Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has
   established guidelines for the prompt processing and resolution of civil cases. This
   Court has adopted a case management system to help meet those guidelines. In
   contested cases (other than foreclosures, involuntary commitment of sexually violent
   predators and eminent domain cases), the parties are required to participate in the case
   management system. The case management system requires early consultation and
   cooperation among the parties for the preparation and submission of an Agreed Case
   Management Plan, early interaction with a Civil Case Manager and early involvement
   by the Court. The Agreed Case Management Plan requires the parties to identify a
   case track, confer in good faith, attempt to narrow the matters in controversy, identify
   the issues that require direct involvement by the Court and establish a schedule for
   addressing those issues.[1]  The Agreed Case Management Plan may be accessed at the
   Court's website at: [www.ca.cjis20.org].

   Unless all of the Defendants have been served and have defaulted, an Agreed Case
   Management Plan will be submitted to the Civil Case Manager c/o Magistrate's Office
   (ATTENTION: Sherry), Collier County Courthouse, 3315 Tamiami Trail E., Suite
   509, Naples, FL 34112 on or before 150 days from the date of filing the initial
   complaint. If the parties are unable to agree on an Agreed Case Management Plan, a
   case management conference will be scheduled by the Court. If a case management
   conference is scheduled, attendance by trial counsel and those parties who are not
   represented by counsel is mandatory.

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)B.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: [www.ca.cjis20.org].

**DONE AND ORDERED** in Chambers at Naples, Collier County, Florida, on this 23rd of April, 2021

Elizabeth V Krier, Circuit Judge

# NOTICE TO FILER
## Dated October 16, 2017

THE COLLIER COUNTY CLERK OF COURTS HAS UPDATED OUR
SUMMONS ISSUANCE PROCEDURES.  THE STANDING ORDER
WILL NO LONGER BE ATTACHED TO THE ELECTRONICALLY
ISSUED SUMMONS.  THE STANDING ORDER WILL BE EMAILED
TO COUNSEL OF RECORD VIA ESERVICE.  FILER MUST PRINT
AND ATTACH THE STANDING ORDER TO THE SERVICE SET
BEFORE SUBMITTING TO THE PROCESS SERVER, PER
PARAGRAPH 1 OF THE ATTACHED ORDER.

THANK YOU FOR YOUR COOPERATION.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
COLLIER COUNTY, FLORIDA                                              CIVIL ACTION

Michael Mora
     Plaintiff(s),

vs.                                               CASE NO:  11-2021-CA-001130-0001-XX

Royal Palm Country Club Of Naples, Inc.
     Defendant(s).

## STANDING ORDER IN CIVIL CASES IN THE TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial
Administration 2.545, and Administrative Order 1.13 entered by the Chief Judge of this Circuit,
the parties are ordered to adhere to the following information and procedures applicable to civil
lawsuits:

1. **SERVICE OF THIS ORDER.**  The Plaintiff is directed to serve a copy of this Order
   with each Summons issued in this case. One copy of this Order is to be filed with the
   Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate
   statutory clerk's fees on copies for each Standing Order issued and attached to the
   Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.**  The Supreme Court of Florida has
   established guidelines for the prompt processing and resolution of civil cases. This
   Court has adopted a case management system to help meet those guidelines. In
   contested cases (other than foreclosures, involuntary commitment of sexually violent
   predators and eminent domain cases), the parties are required to participate in the case
   management system. The case management system requires early consultation and
   cooperation among the parties for the preparation and submission of an Agreed Case
   Management Plan, early interaction with a Civil Case Manager and early involvement
   by the Court. The Agreed Case Management Plan requires the parties to identify a
   case track, confer in good faith, attempt to narrow the matters in controversy, identify
   the issues that require direct involvement by the Court and establish a schedule for
   addressing those issues.[1]  The Agreed Case Management Plan may be accessed at the
   Court's website at: [www.ca.cjis20.org].

   Unless all of the Defendants have been served and have defaulted, an Agreed Case
   Management Plan will be submitted to the Civil Case Manager c/o Magistrate's Office
   (ATTENTION: Sherry), Collier County Courthouse, 3315 Tamiami Trail E., Suite
   509, Naples, FL 34112 on or before 150 days from the date of filing the initial
   complaint. If the parties are unable to agree on an Agreed Case Management Plan, a
   case management conference will be scheduled by the Court. If a case management
   conference is scheduled, attendance by trial counsel and those parties who are not
   represented by counsel is mandatory.

---

[1] Case Track options include Expedited, Standard or Complex. Case Tracks have been established in order to
comply with the case disposition standards set forth in Florida Rule of Judicial Administration 2.250(a)(1)B.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative to settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties.

4. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel or pro-se litigants practicing within the Circuit. The Court requires that all familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: [www.ca.cjis20.org].

**DONE AND ORDERED** in Chambers at Naples, Collier County, Florida, on this 23rd of April, 2021

_____
Elizabeth V Krier, Circuit Judge

# RECEIPT

1186791

## CRYSTAL K. KINZEL

CLERK OF THE CIRCUIT COURT AND
COMPTROLLER
COLLIER COUNTY, FLORIDA

Printed On:

04/23/2021 11:36

Page 1 of 1

| Receipt Number: 1186791 - Date 04/23/2021  Time 11:36AM | | | |
|---|---|---|---|
| **Received of:** | Kelly Romero | | |
| | | | |
| **Cashier Name:** | efiling account | **Balance Owed:** | 410.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 410.00 |
| **Receipt ID:** | 2203546 | **Remaining Balance:** | 0.00 |
| **Division:** | | | |

| Case# 11-2021-CA-001130-0001-XX -- Plaintiff: Mora, Michael | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 410.00 | 410.00 | 0.00 |
| **Case Total** | **410.00** | **410.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFILING | 31097768 | **410.00** |
| **Total Received** | | **410.00** |
| **Total Paid** | | **410.00** |

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

### CASE NO.: 2021-CA-001130-0001-XX

MICHAEL MORA

      Plaintiff,

v.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC,
a Florida Not For Profit Corporation

      Defendant.

_____/

## NOTICE OF APPEARANCE OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

Defendant Royal Palm Country Club of Naples, Inc., hereby gives notice of the appearance

of Jonathan A. Beckerman, Esq., of the law firm of Lewis Brisbois Bisgaard & Smith LLP, 110

SE 6th Street, Suite 2600, Fort Lauderdale, Florida 33301, as counsel in this matter.  Please forward

all pleadings, notices and correspondence to the undersigned.

      Primary Email Address:      Jonathan.Beckerman@lewisbrisbois.com

      Secondary Email Addresses: ftlemaildesig@lewisbrisbois.com
                          Steffani.Maitland@lewisbrisbois.com

**Dated:** May 3, 2021             Respectfully Submitted,

                             */s/ Jonathan A. Beckerman*
                             Jonathan A. Beckerman (FBN 568252)
                             Jonathan.Beckerman@lewisbrisbois.com
                             Zascha Blanco Abbott (FBN 614671)
                             Zascha.Blanco@lewisbrisbois.com
                             Andrea S. De Oña (FBN  1019568)
                             Andrea.Deona@lewisbrisbois.com
                             **Lewis Brisbois Bisgaard & Smith LLP**
                             110 SE 6th Street, Suite 2600
                             Fort Lauderdale, Florida 33301
                             Telephone: 954-728-1280

4847-2966-8583.1

Facsimile: 954-728-1282

Counsel for Defendant,
*Royal Palm Country Club of Naples, Inc.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on May 3,

2021 via the Florida Courts E-Filing Portal and e-mailed to all counsel of record.


By: /s/ *Jonathan A. Beckerman*
                Jonathan A. Beckerman

# IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
# IN AND FOR COLLIER COUNTY, FLORIDA

### CASE NO.: 2021-CA-001130-0001-XX

MICHAEL MORA

      Plaintiff,

v.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC,
a Florida Not For Profit Corporation

      Defendant.

_____/

## NOTICE OF APPEARANCE OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

Defendant Royal Palm Country Club of Naples, Inc., hereby gives notice of the appearance

of Andrea S. De Oña, Esq., of the law firm of Lewis Brisbois Bisgaard & Smith LLP, 110 SE 6th

Street, Suite 2600, Fort Lauderdale, Florida 33301, as co-counsel in this matter. Please forward all

pleadings, notices and correspondence to the undersigned.

      Primary Email Address:      Andrea.Deona@lewisbrisbois.com

      Secondary Email Addresses:  ftlemaildesig@lewisbrisbois.com
                                  Steffani.Maitland@lewisbrisbois.com

**Dated:** May 3, 2021             Respectfully Submitted,

                                */s/ Andrea S. De Oña*
                                Jonathan A. Beckerman (FBN 568252)
                                Jonathan.Beckerman@lewisbrisbois.com
                                Zascha Blanco Abbott (FBN 614671)
                                Zascha.Blanco@lewisbrisbois.com
                                Andrea S. De Oña (FBN 1019568 )
                                Andrea.Deona@lewisbrisbois.com
                                **Lewis Brisbois Bisgaard & Smith LLP**
                                110 SE 6th Street, Suite 2600
                                Fort Lauderdale, Florida 33301

4810-4438-2695.1

Telephone: 954-728-1280
Facsimile: 954-728-1282

Counsel for Defendant,
*Royal Palm Country Club of Naples, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on May 3,

2021 via the Florida Courts E-Filing Portal and e-mailed to all counsel of record.

By: */s/ Andrea S. De Oña*
    Andrea S. De Oña

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO.: 2021-CA-001130-0001-XX

MICHAEL MORA

       Plaintiff,

v.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC,
a Florida Not For Profit Corporation

       Defendant.

_____/

## NOTICE OF APPEARANCE OF COUNSEL
## AND DESIGNATION OF EMAIL ADDRESSES

    Defendant Royal Palm Country Club of Naples, Inc., hereby gives notice of the appearance

of Zascha Blanco Abbott, Esq., of the law firm of Lewis Brisbois Bisgaard & Smith LLP, 110 SE

6th Street, Suite 2600, Fort Lauderdale, Florida 33301, as co-counsel in this matter. Please forward

all pleadings, notices and correspondence to the undersigned.

        Primary Email Address:     Zascha.Abbott@lewisbrisbois.com

        Secondary Email Addresses: ftlemaildesig@lewisbrisbois.com
                               Steffani.Maitland@lewisbrisbois.com

**Dated:** May 3, 2021            Respectfully Submitted,

                         */s/ Zascha Blanco Abbott*
                         Jonathan A. Beckerman (FBN 568252)
                         Jonathan.Beckerman@lewisbrisbois.com
                         Zascha Blanco Abbott (FBN 614671)
                         Zascha.Blanco@lewisbrisbois.com
                         Andrea S. De Oña (FBN 1019568)
                         Andrea.Deona@lewisbrisbois.com
                         **Lewis Brisbois Bisgaard & Smith LLP**
                         110 SE 6th Street, Suite 2600
                         Fort Lauderdale, Florida 33301

4831-0404-8103.1

Telephone: 954-728-1280
Facsimile: 954-728-1282

Counsel for Defendant,
*Royal Palm Country Club of Naples, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on May 3, 2021 via the Florida Courts E-Filing Portal and e-mailed to all counsel of record.

By: /s/ *Zascha Blanco Abbott*
      Zascha Blanco Abbott

## IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
## IN AND FOR COLLIER COUNTY, FLORIDA

CASE NO.: 2021-CA-001130-0001-XX

MICHAEL MORA

      Plaintiff,

v.

ROYAL PALM COUNTRY CLUB
OF NAPLES, INC,
a Florida Not For Profit Corporation

      Defendant.

_____/

## DEFENDANT ROYAL PALM COUNTRY CLUB OF NAPLES, INC.'S ANSWER
## AND STATEMENT OF DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Royal Palm Country Club of Naples, Inc. ("Royal Palm" or "Defendant") hereby files its Answer and Statement of Defenses to Plaintiff's Complaint as follows:

1.    Defendant admits that Plaintiff purports to bring an action for damages and equitable relief for alleged retaliation pursuant to the Florida Private Whistleblower Act, Fla. Stat. § 448.102(1) and (3) ("FWA") but denies that it has violated any statute or law, denies that it engaged in wrongdoing, and denies that Plaintiff is entitled to any relief whatsoever. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint. Defendant denies all inferences and conclusions.

### PARTIES

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint

3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4.    Defendant states that Paragraph 4 seeks a legal conclusion for which no response is required. Defendant denies the remaining allegations in Paragraph 4. To the extent that Plaintiff

attempts to state legal conclusions against Defendant, Defendant denies the allegations in Paragraph 4.  Defendant admits that it employed the Plaintiff.  Defendant denies any violation of law.

5.      Defendant states that Paragraph 5 seeks a legal conclusion for which no response is required.   Defendant denies the remaining allegations in Paragraph 5.  To the extent that Plaintiff attempts to state legal conclusions against Defendant, Defendant denies the allegations in Paragraph 5.  Defendant admits that it employed the Plaintiff.  Defendant denies any violation of law.

6.      Defendant admits that it employed 10 or more employees.  To the extent that Paragraph 6 states a legal conclusion, no response is required and Defendant denies the allegations in Paragraph 6.  Defendant denies the remaining allegations in Paragraph 6 and denies all inferences and conclusions.

## JURISDICTION AND VENUE

7.      Defendant admits that Plaintiff seeks damages in excess of $30,000 for jurisdictional purposes only and denies same for any other purpose.  Defendant denies any violation of statute or law and denies that Plaintiff is entitled to any relief.  Defendant denies the remaining allegations of Paragraph 7.

8.      Defendant admits that Plaintiff worked in Collier County, Florida.  Defendant denies the remaining allegations in Paragraph 8.

## STATEMENT OF FACTS

9.      Defendant admits that Plaintiff worked for Defendant as Clubhouse Manager from September 16, 2020 to January 8, 2021.  Defendant denies the reaming allegations in Paragraph 9.

10.     Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies the allegations in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 states legal conclusions which require neither affirmation nor denial, and therefore, Defendant denies the allegations in Paragraph 34.  Defendant denies the remaining allegations in Paragraph 34.  To the extent that Plaintiff attempts to make legal conclusions against Defendant, Defendant denies the allegations in Paragraph 34.  Defendant denies any violation of law and denies that Plaintiff is entitled to any relief.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 37 and, therefore, denies same.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

38.     Defendant incorporates by reference its answers and denials to paragraphs 1 through 37 as if fully set forth herein.

39.     Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

With respect to the unnumbered WHEREFORE clause following Paragraph 42 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff seeks a jury trial on all issues triable by jury, but denies that any such issues exist.

## STATEMENT OF DEFENSES

Defendant denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted in this pleading. Below, Defendant asserts defenses to which it does not concede that it bears either a burden of proof or persuasion, and states as follows.

1.      Plaintiff's Complaint fails to state a cause of action.

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The allegations contained in the Complaint fail to state a claim for violations of the Florida Private Whistleblower Act, Fla. Stat. § 448.102(1) and (3) ("FWA"), or any other law, rule, or regulation. Plaintiff failed to object to a policy or practice of Defendant that actually violated a law, rule, or regulation as required by the FWA.  As such, Plaintiff cannot establish an essential element of his FWA claim.

3.      Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, equitable estoppel, waiver, and/or laches.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Defendant's alleged conduct was based on substantial, legitimate, and non-retaliatory or illegal purposes and considerations.

6.      Defendant, at all times had legitimate non-retaliatory reasons, for its treatment of Plaintiff and for its termination of Plaintiff.

7.      Defendant has made good faith efforts to prevent retaliation in its workplace. Specifically, Defendant maintains and informs its employees of its equal employment opportunity and anti-retaliation policies, which strictly prohibit retaliation of any kind.

8.     Defendant alleges that Plaintiff's retaliation claim and/or any damages claims are barred by Defendant's exercise of reasonable care to prevent and promptly correct any alleged retaliatory behavior and/or Plaintiff unreasonably failed to take advantage of Defendant's preventative or corrective opportunities.

9.     Defendant would have taken the same actions for other non-retaliatory reasons.

10.     Even if the actions Plaintiff challenges in this lawsuit were found to be based in part, on retaliatory grounds, which Defendant categorically denies, Defendant would have reached the same decision and taken the same actions absent any alleged retaliation.  Therefore, Plaintiff is not entitled to reinstatement or monetary damages including but not limited to back pay.

11.     Plaintiff's employment was terminable at will.  Plaintiff had no expectation of continued or permanent employment.

12.     Plaintiff is not entitled to any relief because he failed to notify the Defendant about any illegal activity, policy or practice.

13.     Defendant has not taken or ratified any action with retaliatory purpose r intent or with any unlawful purpose or intent.

14.     Plaintiff is not entitled to recover because the alleged retaliatory personnel action was predicated upon a ground other than the employee's exercise of a right protected by the Florida Whistleblower Act.

15.     Plaintiff's claims for damages are barred to the extent that Plaintiff failed to mitigate his damages.

16.     If Defendant is found to be liable to Plaintiff, Plaintiff is not entitled to recover compensatory or similar damages as Defendant did not engage in conduct justifying an award of

such damages, and Plaintiff has failed to plead and/or prove the existence of conduct by Defendant that would justify an award of any such damages.

17.     To the extent that Plaintiff may have reasonably attempted to mitigate his damages, Defendant is entitled to a set off and/or deduction in the amount(s) that Plaintiff did earn or could have earned through reasonable efforts.

18.     Plaintiff is not entitled to punitive damages pursuant to the FWA.

19.     Plaintiff's alleged damages are not the result of any actions or conduct of Defendant, or, in the alternative, are pre-existing conditions.

20.     Plaintiff's claim for damages or any relief are limited by the applicable statute under which it is brought.

21.     Plaintiff's demand for attorney's fees and costs are within the discretion of this Court. Accordingly, the amount of fees or costs to be awarded Plaintiff, if any, shall be limited to those fees that are reasonable and necessary and contingent upon Plaintiff succeeding in this litigation.

22.     Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine, to the extent that discovery shows he engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in his discharge if Defendant had then known of that conduct.

Defendant reserves the right to assert such further defenses as are applicable as discovery in this matter progresses.

### <u>DEFENDANT'S CLAIM FOR ATTORNEYS' FEES & COSTS</u>

Defendant has retained this law firm to defend the claims brought by the Plaintiff and has agreed to pay reasonable fees for the services rendered. Defendant demands judgment against

Plaintiff for attorney's fees and costs incurred in defending this action pursuant to Fla. Stat. § 448.104.

**WHEREFORE**, Defendant respectfully requests that this Court: (i) enter judgment in its favor and against Plaintiff, and dismiss Plaintiffs' Complaint with prejudice; (ii) award Defendant its reasonable attorneys' fees and costs associated with defending this action; and (iii) award such further relief as the Court deems just and proper.

**Dated**: May 19, 2021                                     Respectfully Submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-728-1282

*/s/ Zascha B. Abbott, Esq.*
Zascha B. Abbott (FBN: 614671)
E-mail: Zascha.Abbott@lewisbrisbois.com
Jonathan A. Beckerman, Esq. (FBN 568252)
Email: Jonathan.Beckerman@lewisbrisbois.com
Andrea de Oña (FBN 1019568)
Email: Andrea.deona@lewisbrisbois.com

*Counsel for Defendant.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on May 19, 2021 via the Florida Courts E-Filing Portal which will serve copy upon Counsel for Plaintiff Noah E. Storch, Esq. at noah@floridaovertimelawyer.com.

By: */s/ Zascha B. Abbott*
Zascha B. Abbott, Esq.