UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL MORA,

    Plaintiff,

v.                                  Case No: 2:21-cv-430-SPC-MRM

ROYAL PALM COUNTRY
CLUB OF NAPLES, INC.,

    Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Michael Mora's Motion to Remand (Doc. 15) and Defendant Royal Palm Country Club of Naples' ("RPCC") response in opposition (Doc. 17). The Court grants the Motion and sends the case back to state court.

## BACKGROUND

This is a case about an employee's termination. More specifically, the issue is whether RPCC fired Mora in retaliation for reporting acts he believed to be unlawful, in violation of the Florida Whistleblower Act ("FWA").

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Mora worked at RPCC for nearly four months. About two months in, a RPCC member harassed Mora in public. Around then, the member made abusive remarks to RPCC's female employees, making them uncomfortable. Shortly after Mora's incident, he warned RPCC supervisors of the member and threatened to call the police if the behavior persisted. It did. And a female RPCC employee independently objected. When the member again accosted Mora at RPCC weeks later, it was so bad a witness was afraid the member would physically attack Mora.

Shortly after this second incident, Mora objected to his supervisors that RPCC's actions violated both state and federal law. Mora also said he would seek a restraining order against the member. Within a few days, RPCC asked Mora to resign. Mora refused, so RPCC fired him.

The complaint alleges one count of FWA unlawful retaliation. While this is a state-law claim, RPCC removed from state court under federal-question jurisdiction. Now, Mora wants to go back.

## LEGAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). The burden is on the removing defendant to show federal jurisdiction. *Leonard v. Enter. Rent. a Car*, 279 F.3d 967, 972 (11th Cir. 2002). If a federal court lacks subject-matter jurisdiction, it must remand immediately. 28 U.S.C. § 1447(c). As removal raises

"significant federalism concerns," courts interpret removal statutes strictly and resolve all jurisdictional doubts in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## DISCUSSION

Federal courts have limited jurisdiction. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Lower federal-court jurisdiction is limited even more to "subjects encompassed within a statutory grant of jurisdiction," meaning "district courts may not exercise jurisdiction absent a statutory basis." *Id.* (cleaned up). Congress authorized federal-question jurisdiction, which applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Cases can arise under federal law in one of two ways. *Gunn v. Minton*, 568 U.S. 251, 257 (2013). A "vast majority" of federal-question cases rest on causes of action created by federal law. *Merrell Down Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Pure state-law claims may also arise under federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-13 (2005). The Supreme Court cautioned that the category of cases in which "arising under" jurisdiction still lies—even without a federal cause of action—is "special and small." *Gunn*, 568 U.S. at 258 (citation omitted). More often than not, a state-law claim will not confer jurisdiction on federal courts. For a state-law claim

3

to arise under federal law (and provide federal jurisdiction), a federal issue must pass this test,

> (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in a federal court without disrupting the federal-state balance approved by Congress.

*Id.* Satisfaction of each factor confirms jurisdiction exists because of the "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313. Yet the general pleading rules still apply, so the face of "a well-pleaded complaint" must call for the "resolution of a substantial question of federal law." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163-64 (1997) (citation omitted).

As RPCC fails to satisfy the four-part *Grable* test, remand is fitting.

**A. Necessarily Raised**

First, the case must necessarily raise a federal issue. Mora's claim rests on a provision of the FWA which prohibits employers from taking retaliatory personnel actions against employees who "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102(3). Mora contends that a federal issue was not raised; RPCC disagrees. To be sure, Mora's claim could succeed if RPCC fired him for objecting to violations of federal law, and the Complaint references Title VII and the Occupational Safety and Health Act ("OSHA"). That said, Mora's claim does not depend on federal law. Mora's complaint also

references Florida Statute § 843.06 and FCRA. So he could succeed on his unlawful retaliation claim without reaching the federal issues. In other words, it doesn't appear the Complaint *necessarily* raised federal issues.

RPCC argument is twofold: FWA claims succeed only if plaintiff can show an actual violation of the law; so Mora must prove an actual violation of Title VII or OSHA. Assuming without deciding RPCC's first argument is true, it still fails on the second point. Mora's complaint also alleges state-law violations, which could support liability. Again, in this case, Mora need not prove an actual violation of a federal law to succeed on his FWA claim.

In *Grable*, plaintiff filed a quiet title action against the Internal Revenue Service ("IRS") in state court, alleging he had inadequate notice—as defined by federal law—before the IRS seized his property. *Grable,* 545 U.S. at 311. The Court noted the issue of notice was federal, and an "essential element" of the plaintiff's quiet title claim. *Id.* at 314-15. Here, RPCC cannot say the federal issues were essential elements of Mora's claim. Indeed, a court could resolve his claim without deciding OSHA or Title VII violations.

Because the federal issues are not necessarily raised, RPCC falls at the first hurdle. But even assuming RPCC could show federal issues were necessarily raised, it fails further down the line.

## B. Actually Disputed

Second, the parties actually dispute the federal issue.

### C. Substantiality

Third, the federal issue must be substantial. Because the federal issues are not substantial, they cannot confer jurisdiction.

The significance of a federal issue to the parties in the suit "is not enough." *Gunn,* 568 U.S. at 260. Instead, courts look "to the importance of the issue to the federal system *as a whole*" in determining substantiality. *Id.* (emphasis added). The Supreme Court identified several guideposts that more likely make a federal question substantial: (1) pure questions of law; (2) questions that will control in other cases; and (3) questions in which the government has a strong interest to litigate in federal court. *MDS (Canada) Inc. v. Rad Source Tech., Inc.*, 720 F.3d 833, 842 (11th Cir. 2013). None of those guideposts are present.

First, the issue here is not a pure question of law. *See id.* In *Grable*, the Supreme Court considered a "pure issue of law," settling "once and for all" the lawfulness of the IRS's notice procedure before seizing property to satisfy tax deficiencies. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006) (citation omitted) (interpreting *Grable*). As the meaning and interpretation of important federal law was "the *only* legal or factual issue contested," *Grable* "sensibly" belonged in federal court. *Grable,* 545 U.S. at 315. Here, however, the parties dispute several key facts. Mora alleges (1) he was repeatedly harassed by the member; (2) RPCC knew the member made

6

female employees uncomfortable; (3) Mora complained twice to RPCC about the member; and (4) Mora's complaints led to his firing. RPCC denies all these allegations. So there are many factual disputes on Mora's claim (i.e., this case does not present a pure question of law).

Second, a state court's resolution of this case will not control many other cases. State court interpretation of federal statutes here would not bind federal courts. *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1301 (11th Cir. 2008). And Mora's claim is "heavily fact-bound," meaning it is unlikely to control any future cases. *Rad Source*, 720 F.3d at 842. What's more, there is no guarantee a state court would even get to the federal issues. Mora's Complaint only makes a "bare mention" of Title VII and OSHA; it fails to reveal which federal violations Mora claims; and it does not state which factual allegations Mora contends would constitute a violation; put simply, he has "failed to allege facts showing a *substantial* federal question." *Cornelius v. U.S. Bank Nat'l Ass'n*, 452 F. App'x 863, 866 (11th Cir. 2011) (emphasis added).

Third, there is no strong governmental interest for litigating this case in federal court. *See Rad Source*, 720 F.3d at 842. Nothing challenges the validity of the federal statutes. Nor does anything affect the government's ability to vindicate its interests. The quintessential cases on this subject each presented "a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313; *see also Smith v. Kan. City Title*

7

*& Tr. Co.*, 255 U.S. 180, 201 (1921). In *Grable*, the legality of IRS procedures in seizing and selling delinquent taxpayer property was at issue, implicating a substantial federal revenue stream. 545 U.S. at 310-11. Likewise, in *Kansas City Title*, the federal issue presented was "the constitutional validity of an act of Congress." 255 U.S. at 201. Here, the Court struggles to see any strong governmental interest in having a run-of-the-mill employment retaliation case decided in federal court.

At most, RPCC showed a "mere need to apply federal law in a state-law claim." *Grable*, 545 U.S. at 313. But that is not enough. RPCC has not met its burden of establishing the federal issue is so substantial that it warrants usurping a state court's jurisdiction over a state-created claim.

**D. Federal-State Balance**

Finally, resolving the federal issue must not upset the federal and state balance of judicial duties. Even a raised, disputed, and substantial federal issue will not open the "arising under" door if it would be "disruptive" to federalism concerns. *Grable*, 545 U.S. at 313. Here, it would cause major disruption.

Outside narrow exceptions like *Grable*, the line between federal and state jurisdiction is clear: state-law claims involving non-diverse parties belong in state court. As the master of his claim, Mora was free to plead only a state-law claim. To exercise jurisdiction here would eviscerate the line between

8

federal and state jurisdiction. In *Grable*, resolving the case in federal court had a "microscopic effect on the federal-state division of labor." *Id.* at 315. To find jurisdiction here would have staggering implications. The Court would open the floodgates not just to FWA claims hinging on violations of Title VII or OSHA, but to FWA claims hinging on violations of *any* federal law, rule, or regulation. This would disrupt the balance of federal and state judicial responsibilities. And the Court won't be the ringleader of that circus.

**E. Conclusion**

At bottom, Mora's claim does not fall within the "special and small category" of state-law actions that arise under federal law. *See Empire*, 547 U.S. at 699. Without jurisdiction, the Court grants the Motion and remands.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 15) is **GRANTED for lack of subject-matter jurisdiction**.

1. The case is **REMANDED** to the County Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of that Court.

3. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 21, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record